## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**STONEY GLENN,**

     **Petitioner,**

**v.**                               **Case No. 4:23cv213-AW/MAF**

**STATE OF FLORIDA,**

     **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about May 18, 2023, Petitioner Stoney Glenn, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 12, 2024, Respondent filed a motion to dismiss the petition, ECF No. 16, with exhibits, ECF No. 17. Petitioner has filed a reply. ECF No. 22; *see* ECF No. 23.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show the petition should be dismissed as untimely. *See* Rule 4, R. Gov. § 2254 Cases (authorizing

dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Stoney Glenn challenges his conviction and sentence from the Second Judicial Circuit, Leon County, Florida, following a jury trial in case number 2012-CF-1232.  ECF No. 12; *see* ECF No. 1.  In particular, on April 9, 2013, the jury found Glenn guilty of attempted second degree murder, with specific findings that he discharged a firearm and caused great bodily harm.  Ex. D.[1]  On April 29, 2013, the trial court adjudicated him guilty and sentenced him to a 30-year minimum mandatory term of imprisonment, with credit for 377 days' time served.  Ex. E.

Glenn timely appealed his conviction and sentence to the First District Court of Appeal (First DCA), assigned case number 1D13-2070.  Ex. F.  During the pendency of the appeal, on September 16, 2013, the trial court granted Glenn's Rule 3.800(b)(2) motion to correct sentencing errors and entered an amended judgment and sentence, striking various fines and costs but leaving the prison sentence intact.  Ex. G.  In the direct appeal, Glenn's counsel filed an initial brief, the State filed an answer brief, and Glenn's

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits, ECF No. 17, submitted with Respondent's motion to dismiss, ECF No.16.

counsel filed a reply brief. *See* online docket for 1D13-2070, Florida Appellate Case Information System at https://acis.flcourts.gov.  On June 20, 2014, a panel of the First DCA, consisting of Judges Van Nortwick, Roberts, and Clark, per curiam affirmed the case without a written opinion.  Ex. H; Glenn v. State, 145 So. 3d 833 (Fla. 1st DCA 2014) (table).  Glenn did not seek further review.

On December 16, 2014, Glenn filed in the First DCA a petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. Ex. O.  On January 12, 2015, a panel of the First DCA consisting of Judges Benton, Wetherell, and Swanson denied the petition on the merits, without explanation.  Ex. P; Glenn v. State, 154 So. 3d 514 (Fla. 1st DCA 2015).

On June 2, 2015, Glenn filed a pro se motion for post-conviction relief in the state trial court pursuant to Florida Rule of Criminal Procedure 3.850. Ex. Q at 4-26.  He filed an amended Rule 3.850 motion on June 9, 2015.  Id. at 27-42.  The state post-conviction trial court dismissed both motions as facially insufficient, without prejudice to file a timely and facially sufficient motion.  Ex. Q at 43-44, 45-46.  Glenn filed another amended Rule 3.850 motion, Ex. Q at 50-72, and then another amended Rule 3.850 motion in November 2015, *id*. at 73-130.  The state post-conviction trial court ordered the State to respond to the November 2015 motion, *id*. at 131, and the State

requested an evidentiary hearing, *id*. at 132-33.  In an order entered May 18, 2016, the state post-conviction trial court denied Grounds 1, 4, and 6 because they alleged trial court error not cognizable in a Rule 3.850 motion, and also denied Ground 5 because it attacked the jury's factual findings and should have been raised on direct appeal.  *Id*. at 134.  The court set Grounds 2, 3, and 7 for an evidentiary hearing.  *Id*.  By order on July 28, 2016, the court appointed counsel to represent Glenn.  *Id*. at 137.

The evidentiary hearing took place on December 20, 2017.  Ex. Q at 549-78.  Glenn was represented by counsel but Glenn was not present at the hearing.  *Id*. at 550-52.  Among other things, the court explained during the hearing that it had been delayed previously "because Mr. Glenn was having some health problems."  *Id*. at 552; *see id*. at 554.  The court specifically determined Glenn had "voluntarily decided he doesn't wish to be here" and "[t]hat's his decision."  *Id*. at 554; *see id*. at 574.  The judge stated,

> I think had he wanted to be here, he could have been here. We had him transported from DOC.
>
> I could have forcibly brought him in, but I don't think that's appropriate, under these circumstances.  And, frankly, it's his motion.  If he doesn't want to attend, that's his decision.

*Id*. at 574.  At the conclusion of the hearing, *id*. at 574-78, and in an order rendered December 20, 2017, *id*. at 528-29, the state post-conviction trial court denied post-conviction relief.

Glenn appealed to the First DCA, Ex. Q at 530-31, and, through counsel, filed an initial brief in case number 1D18-201, Ex. R.  The State filed an answer brief.  Ex. S.  On December 14, 2018, a panel of the First DCA, consisting of Judges Wolf, Lewis, and Wetherell, affirmed the case per curiam without a written opinion.  Ex. T; Glenn v. State, 258 So. 3d 393 (Fla. 1st DCA 2018).  The mandate issued January 4, 2019.  Ex. T.

On December 18, 2020, Glenn filed in the state trial court a pro se Rule 3.800(c) motion for reduction of his sentence due to his health issues.  Ex. AA.  By order rendered January 13, 2021, the court denied the motion for lack of jurisdiction as the motion was not filed within 60 days of the imposition of the sentence or receipt by the court of a mandate issued by the appellate court affirming the direct appeal.  Ex. BB.

On August 18, 2021, Glenn filed a pro se pleading in the Florida Supreme Court, challenging the First DCA's decision in his Rule 3.850 appeal.  Ex. U.  On August 23, 2021, the Florida Supreme Court dismissed the pleading, explaining its "jurisdiction to issue extraordinary writs may not be used to seek review of an unelaborated decision from a district court that is issued without opinion or explanation or that merely cites to an authority that is not a case pending review in, or reversed or quashed by, this Court." Ex. V.

On May 25, 2022, Glenn filed a pro se motion in the First DCA pursuant to Florida Rule of Appellate Procedure 9.330, seeking a written opinion in case number 1D18-201.  Ex. W.  By order on June 17, 2022, the First DCA struck the motion "for failure to show service on opposing counsel and to include a signature as required by Florida Rules of General Practice and Judicial Administration 2.515."  Ex. X.  Glenn then filed a notice to invoke the discretionary review of the Florida Supreme Court.  Ex. Y.  On January 9, 2023, the Florida Supreme Court dismissed the case, again explaining its "jurisdiction to issue extraordinary writs may not be used to seek review of an unelaborated decision from a district court that is issued without opinion or explanation or that merely cites to an authority that is not a case pending review in, or reversed or quashed by, this Court."  Ex. Z.

On or about April 11, 2023, Glenn filed a "Second 3.850 Motion" in the state trial court.  Ex. CC at 3-6.  By order rendered April 21, 2023, the state post-conviction trial court dismissed the motion as untimely.  *Id*. at 7-10. Glenn appealed to the First DCA, *id*. at 11-12, and, on September 21, 2023, the First DCA dismissed the appeal due to Glenn's failure to comply with a court order, Ex. DD.

On or about May 30, 2023, Glenn filed in the state trial court a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal

Procedure 3.800(a).  Ex. EE.  By order rendered June 13, 2023, the state trial court dismissed the motion as facially insufficient and allowed 60 days to file a sufficient motion.  Ex. FF.

In the meantime, as indicated above, on May 22, 2023, Glenn filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1.  On January 12, 2024, Respondent filed a motion to dismiss the petition, ECF No. 16, with exhibits, ECF No. 17.  Petitioner has filed a reply. ECF No. 22; *see* ECF No. 23.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment that prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence.  *Id.* § 2244(d)(1)(B)-(D).  The limitations period is tolled for the time during which a "properly filed" application for relief is

pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as indicated above, on June 20, 2014, the First DCA per curiam affirmed Glenn's direct appeal without a written opinion, Ex. H, and he did not seek further review. Accordingly, his conviction became final for federal habeas purposes on **September 18, 2014**, upon expiration of the ninety-day period for seeking certiorari review in the U.S. Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). He had one year thereafter, or until September 18, 2015, to file a federal habeas petition, absent tolling activity. *See, e.g.*, Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (explaining Cadet's conviction became final "on December 23, 2002, when the time for seeking a writ of certiorari from the United States Supreme Court expired" and "[o]n that same date, Cadet's one-year statute of limitations for filing a federal habeas petition began to run," citing 28 U.S.C. § 2244(d)(1)(A)); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v.

Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

After September 18, 2014, Glenn filed his pro se habeas petition in the First DCA on December 16, 2014, alleging ineffective assistance of appellate counsel and stopping the AEDPA clock at 89 days. The AEDPA time remained tolled through January 27, 2015, upon expiration of the 15-day period in which to seek rehearing after the First DCA denied the habeas petition on January 12, 2015. The clock resumed on January 28, 2015, and ran untolled for another 126 days until Glenn filed his pro se Rule 3.850 motion in the state trial court on June 2, 2015, Ex. Q at 4. At this point, a total of 215 days had run and the AEDPA time remained tolled through January 4, 2019, when the First DCA issued the mandate in the appeal of the denial of post-conviction relief, Ex. T. The AEDPA clock resumed on January 5, 2019, and ran for untolled for another 150 days until it expired on June 3, 2019.

The next filing by Glenn occurred December 18, 2020, when he submitted a pro se Rule 3.800(c) motion for filing in the state trial court, seeking a reduction of his sentence. Ex. AA. By this point, however, the one-year AEDPA limitations period had expired. Thus, this § 2254 petition, filed in May 2023, is untimely.

Notably, Glenn also filed a previous § 2254 petition in this Court, on May 5, 2022.  <u>Glenn v. State of Florida</u>, No. 4:22cv179-WS/MAF, ECF No. 1. The Court dismissed that petition for failure to comply with a Court order. *See id*. ECF Nos. 6, 7, 8.  From the analysis herein, that petition was also untimely.  Significantly, in his current § 2254 petition, Glenn checked the box next to "NO" in answering the question "[h]ave you previously filed a § 2254 petition or other pleading regarding the validity of your state conviction or sentence in any federal court?"  ECF No. 1 at 7.  Glenn therefore misrepresented his prior post-conviction filings.

## Equitable Tolling

In this § 2254 petition, regarding timeliness, Glenn stated, "Because of my brain anuryzm [sic] and stroke plus multiple seizures and ongoing mental health issues and medication that I am on that toll then when I was getting better in 2020 and 2021 'Covid 19.'" ECF No. 1 at 19.  In the second ground of the petition, Glenn asserts equitable tolling should apply "because I had a brain anurizm [sic] and a stroke that cause me to start having seizures." *Id*. at 11.  As relief, Glenn asks that this Court

> Bring my post conviction remedy back where I was at when I was when I became ill because of being sprayed with chemical agent without cause and that grievance was approved by assistant warden Hutchins at Century C.I. in 2015 and approved by inspector general, the excessive use of force put me in hospital where I had brain anuryzm [sic] then stroke[] while in hospital

State could not refute claims on 3.850 so "evidentiary" hearing was appointed but I was not present.

*Id*.

In his reply to the motion to dismiss, Glenn again states he "became ill after his cellmate was sprayed with a chemical agent," which also got on Glenn, and Glenn "had to be placed in Century Correctional Institution Infirmary." ECF No. 22 at 1. Glenn also explains that, while he was at Lake Butler Hospital, he "suffered a brain aneurysm that caused multiple seizures" and he "was incompetent," which he indicates is the reason the state post-conviction trial court appointed counsel for him in the Rule 3.850 proceeding. *Id*. at 1-2. Glenn asserts

> The doctors explained to [him] in the hospital at R.M.C., Lake Butler why his competency goes and comes. In 2020 on May 28, [he] had Radiology Report, ordered by Carlos H. Gama, MD. Petitioner was stabilized with current medication and this is when time should have started to run." He asserts "[i]n 2023 [he] was able to start where he was before the brain aneurism.

*Id*. at 2. His attachments include the May 2020 Radiology Report, *id*. at 18, an "Inmate Sick-Call Request" dated September 30, 2015, *id*. at 11, a "Disabled Inmate Management and Service Plan" dated October 20, 2021, *id*. at 15, and a denial of conditional medical release dated August 26, 2020, *id*. at 16.

"[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418).  The petitioner bears the burden of establishing equitable tolling and "the allegations supporting equitable tolling must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Petitioner Glenn has not met his burden of showing either that he diligently pursued his rights or that some extraordinary circumstance kept him from timely filing his § 2254 petition.  He has not shown that he diligently pursued his rights under the AEDPA. See Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001) (explaining that petitioner must "establish his own due diligence in ascertaining the applicable limitations period"); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion.").  In addition,

his allegations regarding the inability to file his § 2254 petition within the one-year AEDPA limitations period do not demonstrate extraordinary circumstances.  *See, e.g.,* Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) ("[V]ague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely fling of the petition, does not establish extraordinary circumstances."); Chavez v. Sec'y, Fla. Dept. of Corr., 647 F.3d 1057, 1061 (11th Cir. 2011) (allegations supporting equitable tolling must be factual and specific, not conclusory).

As explained above, Glenn's AEDPA limitations period expired in June 2019 – before the COVID pandemic began in 2020.  To the extent he cites earlier health problems as preventing him from timely filing his § 2254 petition, the state post-conviction court determined, at the Rule 3.850 evidentiary hearing and supported by the record, that Glenn had voluntarily decided not to attend the hearing even though he had been transported from Suwanee Correctional Institution for the hearing.  *See* Ex. Q at 551-54. Thus, Glenn's health issues did not prevent him from pursuing Rule 3.850 relief in state court in December 2017.

When he filed his pro se Rule 3.850 motion in the state trial court on June 2, 2015, Ex. Q at 4, he had 150 days remaining in his AEDPA limitations

period.  Accepting, for the sake of argument, that equitable tolling applies because of Glenn's health issues, from the information provided in this case, such could toll the AEDPA period until, at best, December 18, 2020, when Glenn submitted his pro se Rule 3.800(c) motion for filing in the state trial court.  Ex. AA.  As Respondent indicates, the court dismissed this motion for lack of jurisdiction and, thus, it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and could not toll the limitations period.  Thus, assuming the AEDPA clock resumed on December 18, 2020, when Glenn began filing documents again in court, the clock then ran for the remaining 150 days until it expired on March 16, 2021.  Alternatively, even assuming the Rule 3.800(c) motion did toll the limitations period, Glenn's AEDPA clock would resume Monday, February 15, 2021, after expiration of the 30-day period for appealing the trial court's January 13, 2021, order denying the motion, Ex. BB.  Under this view, the clock then ran for the remaining 150 days until it expired on July 14, 2021.

From the information provided in this case, the next filing by Glenn occurred on August 18, 2021, when he submitted his pro se pleading in the Florida Supreme Court, challenging the First DCA's decision in his appeal from the denial of Rule 3.850 relief.  Ex. U.  At this point, however, even allowing equitable tolling for his health issues from June 2, 2015, through

February 14, 2021, Glenn's AEDPA limitations period had expired. *See, e.g.*, Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005) (explaining Lawrence did not establish "a causal connection between his alleged mental incapacity and his ability to file a timely petition"); Fisher v. Johnson, 174 F.3d 710, 716 (5th Cir. 1999) (explaining equitable tolling did not apply when petitioner's period of incapacity "occurred at a time so remote to his deadline" and petitioner could not show he diligently pursued his rights for remainder of one-year AEDPA period). *See also, e.g.,* Lambert v. Sec'y, Dep't of Corr., No. 19-11789-J, 2019 WL 8750134 (11th Cir. Dec. 5, 2019) (denying certificate of appealability and explaining Lambert was not entitled to equitable tolling: "[T]o the extent that Lambert's mental illness could be considered an extraordinary circumstance, he failed to show that it 'thwarted his efforts' to timely file this § 2254 petition, especially in light of his abundant and coherent state filings in the years leading up to this petition.").

To the extent Glenn argues the Covid-19 pandemic itself constituted an extraordinary circumstance, the Eleventh Circuit has concluded, in an unpublished opinion, that COVID-19 did not constitute an "extraordinary circumstance" because all prisoners "attempting to access legal resources . . . were subject to COVID-19 protocols." Rush v. Sec'y, Fla. Dep't of Corr., No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021); *see*

Gainey v. Sec'y, Dep't of Corr., No. 22-10650-A, 2022 WL 1786543 (11th Cir. May 20, 2022) (denying COA to appeal dismissal of § 2254 petition as time-barred and explaining, among other things, "Although Mr. Gainey asserted that the delay in filing was due to restricted access to the law library because of the COVID-19 pandemic, he failed to show how restricted access impacted his filing, which copied his prior state court filings."); Whitaker v. Comm'r, Ga. Dep't of Corr., No. 21-14467-A, 2022 WL 2156663 (11th Cir. May 3, 2022) (denying COA to appeal dismissal of § 2254 petition as time-barred:  ""[W]hile Whitaker made a conclusory assertion that he pursued his rights diligently, he did not explain why he waited over 11 months to file his state habeas corpus petition, which constituted most of the statute of limitations period.  While the Covid-19 pandemic may have impacted his access to legal materials in the remaining 21 days, his circumstances were not different than any other prisoner attempting to access legal resources. Accordingly, he could not show due diligence or extraordinary circumstances warranting equitable tolling."); Powell v. United States, No. 21-12432-J, 2022 WL 2811987 (11th Cir. Feb. 8, 2022) (denying COA on dismissal of § 2255 motion as time-barred:  "Under this Court's precedent, lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling.").

Indeed, district courts within the Eleventh Circuit have declined to apply equitable tolling "based on prison lockdowns due to COVID-19."  Phillips v. United States, No. 8:20cv1862-T-17AAS, 2021 WL 679259, at *6, n.7 (M.D. Fla. Feb. 22, 2021); *see, e.g.*, Flagg v. Jones, No. 1:22cv265-WHA/SMD, 2022 WL 4371482, at *1 (M.D. Ala. Sept. 21, 2022) (order of district judge dismissing complaint:  "Plaintiff has made no such demonstration here, as one's pro se status and ignorance of the law are not extraordinary circumstances that warrant equitable tolling.  Nor is Plaintiff's conclusory claim that COVID-19 had an 'impact' on his filings." (citations omitted)); Moreno v. United States, No. 1:17-CR-0446-TCB-RGV-1, 2020 WL 7091088, at *2 (N.D. Ga. Sept. 18, 2020) (rejecting equitable tolling argument and explaining: "Moreno does not allege when the prison's law library was initially closed, nor has he explained why he could not have filed his motion before Covid-19 restrictions were in place.  In fact, Moreno states that the law library is 'still closed,' and he has filed this motion without access to it."), *report and recommendation adopted*, 2020 WL 5939887 (N.D. Ga. Oct. 7, 2020).

Likewise, "courts in this District have uniformly rejected equitable tolling based on COVID-19 restrictions."  Hamilton v. Inch, No. 3:20cv5967-LC/HTC, 2021 WL 4254941, at *3 (N.D. Fla. June 23, 2021); *see, e.g.*,

Gainey v. Sec'y, Dep't of Corr., No. 3:21cv736-LC/MJF, 2022 WL 447579, at *4 (N.D. Fla. Jan. 27, 2022) ("Gainey's bare assertions of restrictions on access to the law library during the COVID-19 pandemic are unavailing."), *report and recommendation adopted*, 2022 WL 446806 (N.D. Fla. Feb. 14, 2022); Harris v. Inch, No. 3:20cv5890-MCR/MJF, 2021 WL 2384567, at *4 (N.D. Fla. Apr. 23, 2021) ("Harris does not show a causal connection between the lockdown and his ability to file his § 2254 petition by July 31, 2020."), *report and recommendation adopted*, 2021 WL 2383719 (N.D. Fla. June 10, 2021); Hanf v. Inch, No. 4:20cv330-TKW/EMT, 2021 WL 1251854, at *1 (N.D. Fla. Apr. 5, 2021) (order adopting report and recommendation and explaining, "With respect to equitable tolling, the Court finds no record support for Petitioner's claim in his objections that COVID-19 restrictions on access to the prison law library 'from [February 26, 2020] until and beyond March 31st' hampered his ability to timely file his petition."); Webster v. Sec'y, Fla. Dep't of Corr., No. 3:20cv5727-MCR/MJF, 2021 WL 1566848, at *4 (N.D. Fla. Mar. 29, 2021) ("Webster's bare assertions regarding restrictions on access to the law library and his legal property during the COVID-19 pandemic are unavailing."), *report and recommendation adopted*, 2021 WL 1564321 (N.D. Fla. Apr. 21, 2021).

## Actual Innocence

In the § 2254 petition, Glenn also asserts, as Ground 4, that he is "actually innocent of possession of firearm and attempted murder."  ECF No. 1 at 15.  To the extent Glenn thus argues his incarceration constitutes a "fundamental miscarriage of justice" because he is "actually innocent," such that he should benefit from the equitable exception to the AEDPA statute of limitations set forth in McQuiggin v. Perkins, 569 U.S. 383 (2013), this argument should be rejected.

In McQuiggin, the U.S. Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" even when the AEDPA time has expired.  569 U.S. at 386.  The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (explaining U.S. Supreme Court "has not recognized any equitable exceptions to the statutory bars on habeas petitions when the petitioner does not make a 'credible showing' of actual innocence" and the Court's "most recent decision on the matter, McQuiggin, reaffirmed that

principle, holding that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner'").  "To be credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  Schlup, 513 U.S. at 324; see McQuiggin, 569 U.S. at 401 ("We stress once again that the Schlup standard is demanding.  The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting Schlup, 513 U.S. at 316)).

Here, Glenn has not supported his claim that he is "actually innocent" with any evidence, much less new reliable evidence as required.  See, e.g., Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining actual innocence exception "is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence" and "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial" (quoting Calderon v. Thompson, 523 U.S. 538, 559

(1998))).  Thus, Glenn cannot open the "gateway" described in <u>McQuiggin</u> and other cases such that his habeas claims may be considered on the merits.  His federal habeas petition should be dismissed as untimely.

## Conclusion

The § 2254 petition is untimely and Petitioner Glenn has not demonstrated entitlement to any exception to the one-year AEDPA limitations period.  Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 16, be **GRANTED**, and Petitioner Glenn's § 2254 petition, ECF No. 1, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore,

the Court should deny a certificate of appealability.  The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 16) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely.**  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 26, 2024.

**S/  Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.